IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JESUS HERNANDEZ, ADOLFO DURAN on behalf of themselves and all other persons similarly situated known and unknown, and ANGEL GARCIA, FLAVIANO MALDONADO, APOLNAR ROMAN, and ANDRES ALVAREZ<br><br>Plaintiffs,<br><br>v.<br><br>GATTO INDUSTRIAL PLATERS, INC. and GEORGE GATTO,<br><br>Defendants. | ) **FILED: MAY 7, 2008**<br>) **08CV2622      PH**<br>) **JUDGE COAR**<br>) **MAGISTRATE JUDGE BROWN**<br>)   Case No.:<br>)<br>)<br>)<br>)   State Case No.: 08 CH 11468<br>)   Circuit Court of Cook County<br>)   Chancery, State of Illinois<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

        GATTO INDUSTRIAL PLATERS, INC. AND GEORGE GATTO ("Petitioner"),

by and through its attorneys, WESSELS & PAUTSCH, P.C., by Walter J. Liszka, Sean F.

Darke, and Christina Lopez-Nutzman, in accordance with 28 U.S.C. §§ 1441, 1446 and

1453, provides notice that the above-entitled action is removed from the Circuit Court of

Cook County, Cook County, Illinois, to and now pending in the United States District

Court for the Northern District of Illinois.

        1.      On March 26, 2008, Plaintiffs filed a cause of action against Defendants

GATTO INDUSTRIAL PLATERS, INC. AND GEORGE GATTO, in the Circuit Court

of Cook County, Cook County, Illinois, captioned Jesus Hernandez, Adolfo Duran on

behalf of themselves and all other persons similarly situated known and unknown, and

Angel Garcia, Flaviano Maldonado, Apolnar Roman, and Andres Alvarez v. Gatto Industrial Platers, Inc. and George Gatto, Case No. 08 CH 11468. Plaintiffs served a Summons and Complaint upon Defendants on April 9, 2008, alleging that Defendants violated the Fair Labor Standards Act, 29 U.S. C. § 201, *et seq*., and the Illinois Minimum Wage Act 820 ILCS 105/1, *et seq*. A copy of the Summons and Complaint are attached here as Exhibit 1.

2.　　On May 6, 2008, Defendants filed its answers and defenses to Plaintiffs complaint. A copy of the Answer and Defenses is attached here as Exhibit 2.

3.　　Under 28 U.S.C. § 1441(a), a defendant may remove an action to the federal district court when it involves a civil action originally filed in state court over which the district court could have had original jurisdiction. Further, 28 U.S.C. § 1441(b) authorizes a defendant to remove any cause of action based upon the Constitution, law or treaties of the United States, if the federal court has original jurisdiction over the claim. Because Plaintiffs also plead this matter as a class action, removal is proper in accordance with 28 U.S.C. §1453.

4.　　Plaintiffs have raised a "federal question" with their allegations that defendants violated the Fair Labor Standards Act, 29 U.S. C. § 201, *et seq*., and as a result, have made this action removable in accordance with 28 U.S.C. §1441(a) and §1441(b). *See* Yellow Freight Systems, Inc. v. Donnelly, 494 U.S. 820 (1990); Wirtz Corp. v. United Distillers & Vintners North America, Inc., 224 F.3d 708, 710 (7th Cir. 2000)("Under 28 U.S.C. § 1441(a) and § 1441(b), a case may be removed to the federal district court provided it is a civil action brought in state court over which the district court could have had original jurisdiction.")

5.    The Petitioners' Removal Notice is timely under 28 U.S.C. §1446(b) because less than thirty (30) days have elapsed since Petitioners received the Complaint by service or otherwise.

6.    Because this Court has jurisdiction based upon the federal question raised by Plaintiffs Complaint in accordance with 28 U.S.C. §1331 and 29 U.S.C. § 623 *et seq.*, removal to this Court is proper in accordance with 28 U.S.C. §1441(c).

7.    Upon the filing of this Notice of Removal, Petitioner shall give written notice to Mr. Douglas Werman, Esq. attorney for Plaintiffs, and Petitioners shall file the accompanying Notice of Filing of Removal with The Clerk of the Court of Cook County, State of Illinois in accordance with 28 U.S.C. §1446(d).

Petitioner provides the Circuit Court of Cook County, State of Illinois with this Notice of Removal, State of Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, where it shall proceed as an originally filed action.

Respectfully submitted May 7, 2008.

GATTO INDUSTRIAL PLATERS, INC.
AND GEORGE GATTO

By:_____ s/ Sean F. Darke_____
                One of their attorneys

Walter J. Liszka
Sean F. Darke
Christina Lopez-Nutzman
Wessels, Pautsch & Sherman P.C.
33 W. Monroe, Suite 1120
Chicago, Illinois  60603
(312) 629-9300 (Telephone)
(312) 629-9301 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| JESUS HERNANDEZ, ADOLFO DURAN on behalf of themselves and all other persons similarly situated known and unknown, and ANGEL GARCIA, FLAVIANO MALDONADO, APOLNAR ROMAN, and ANDRES ALVAREZ | ) ) ) ) ) ) | Case No.: |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | State Case No.: 08 CH 11468 Circuit Court of Cook County |
| GATTO INDUSTRIAL PLATERS, INC. and GEORGE GATTO, | ) ) ) | Chancery, State of Illinois |
| Defendants. | ) ) ) ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that he served copies of the foregoing NOTICE OF REMOVAL upon the following individuals via United States Mail, First Class Postage Prepaid and to the Clerk of the United States District Court for filing and uploading to the CM/ECF system which will send notification of such filing upon the following this 7th day of May 2008.

Clerk of the Court
Circuit Court of Cook County
50 W. Washington, 8th Floor
Chicago, Illinois 60602

Douglas M. Werman
Maureen A. Bantz
Werman Law Office, P.C.
77 W. Washington, Suite 1402
Chicago, Illinois 60602


                    s/Sean F. Darke
                    Sean F. Darke

| 2120 – Served | 2121 – Served |
|---|---|
| 2220 – Not Served | 2221 – Not Served |
| 2320 – Served By Mail | 2321 – Served By Mail |
| 2420 – Served By Publication | 2421 – Served By Publication |
| SUMMONS | ALIAS – SUMMONS |

08CV2622 PH

JUDGE COAR

MAGISTRATE JUDGE BROWN

CCG N001-10M-1-07-05 (

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, __CHANCERY__ DIVISION

(Name all parties)

JESUS HERNANDEZ, ET AL.

v.

GATTO INDUSTRIAL PLATERS, INC., ET AL.

No. **08CH11468**

Gatto Industrial Platers, Inc.
c/o Reg. Agent, Jonathan W. Michael
330 N. Wabash Ave., 22nd Floor
Chicago, IL 60611

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __802__ , Chicago, Illinois 60602

☐ **District 2 – Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 – Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 – Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 – Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 – Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 42031

Name: Douglas M. Werman/Werman Law Office, P.C.

Atty. for: Plaintiffs

Address: 77 W. Washington Street, Suite 1402

City/State/Zip: Chicago, IL 60602

Telephone: 312-419-1008

WITNESS, MAR 26 2008

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Clerk of Court

Date of service:
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Telephone: 312-419-1008 or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code) (Facsimile Telephone

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

EXHIBIT
1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

JESUS HERNANDEZ, ADOLFO DURAN, )
on behalf of themselves and all other persons )
similarly situated known and unknown, and ANGEL )
GARCIA, FLAVIANO MALDONADO, )
APOLINAR ROMAN, and ANDRES ALVAREZ )
           )
          Plaintiffs, )
           )     Case No.
    v. )
           )
GATTO INDUSTRIAL PLATERS, INC. and )
GEORGE GATTO, )
           )
          Defendants. )

08CH11468

## COMPLAINT

Plaintiffs Jesus Hernandez and Adolfo Duran, on behalf of themselves and all other persons similarly situated known and unknown, and Angel Garcia, Flaviano Maldonado, Apolinar Roman, and Andres Alvarez, through their attorneys, Werman Law Office, P.C. (#42031), for their Complaint against Defendants Gatto Industrial Platers, Inc. ("GIP") and George Gatto ("Gatto") (collectively "Defendants"), state as follows:

## NATURE OF PLAINTIFFS' CLAIMS

1.     This lawsuit arises under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), for Defendants' failure to pay Plaintiffs and other similarly situated persons overtime pay at the correct rate of compensation. Plaintiffs are currently employed by Defendants as laborers. In compensating Plaintiffs and other employees, Defendants exclude from employees' regular rate of pay for overtime purposes weekly production bonuses and other payments resulting in employees being paid overtime

1

pay at an incorrect and illegally low premium rate of pay. Defendants' unlawful practices are continuing to this day.

**THE PARTIES**

2.    Plaintiffs currently reside in and are domiciled in Cook County, Illinois. At all material times hereto, Plaintiffs were employed by Defendants within this judicial district.

3.    Defendants' principal place of business is in this judicial district.

4.    Plaintiffs are currently employed by Defendants.

5.    Plaintiffs are employed by Defendants as "employee(s)" and are not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq.*, or the FLSA, 29 U.S.C. §207.

6.    Defendants are Plaintiffs' "employer(s)" as that term is defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and the FLSA, 29 U.S.C. §203(d).

7.    Defendant, Gatto Industrial Platers, Inc., is an Illinois corporation and is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A).

8.    Defendants' employees are engaged in interstate commerce and Defendants' annual gross volume of sales made or business done exceeds $500,000 exclusive of excise taxes.

9.    Defendant Gatto is involved in the day to day business operation of Defendant GIP. Defendant Gatto has authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

## COUNT I
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Class Action)

10.    Plaintiffs repeat and reallege paragraphs 1 through 9 as if fully set forth herein.

11.    This count arises from Defendants' violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, for their failure to pay Plaintiffs and the class that they represent their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks at the correct rate of pay.

12.    Plaintiffs and the class they represent are current and former employees of Defendants who were paid overtime pay based on an incorrect and illegally low regular rate pay in violation of the maximum hour provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, The class period is from at least February, 2005, to the present. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

13.    Since at least February, 2005, Plaintiffs and other similarly situated employees were paid an hourly regular rate of pay, usually an amount that equated to less than the then applicable minimum wage. See Exhibit A, attached hereto. Such employees were also paid weekly production bonuses. Exhibit A. In calculating Plaintiffs' and other similarly situated employees' regular hourly rates of pay for overtime purposes, however, Defendants did not aggregate the total amount of wages earned each week (i.e., the total earned based on the hourly rate of pay multiplied by hours worked, plus the production bonus). Instead, Defendants excluded from Plaintiffs' overtime rates of pay the paid production and other bonuses. Exhibit A. Overtime compensation was then paid based on one and one half times the applicable minimum wage. See, for example, Plaintiff Jesus Hernandez's pay-stub for the week ending June 19, 2007, which excludes $209.41 and $9.52 in production bonuses

3

from his regular rate of pay for overtime purposes and incorrectly calculates his overtime rate of pay at $9.75 per hour, or one and one half times the (then applicable) minimum wage of $6.50. Exhibit A. See also Exhibit B, attached hereto, Plaintiff Adolfo Duran's pay-stub for the week ending January 15, 2008, which excludes $252.68 and $17.66 in production bonuses from his regular rate of pay for overtime purposes and incorrectly calculates his overtime rate of pay at $11.25 per hour, or one and one half times the minimum wage of $7.50.

14.     Defendants also excluded other payments made to Plaintiffs and the class from the regular rate of pay for overtime purposes. For example, Defendants disguised wages paid for work performed on Saturday as 'Maintenance' pay and excluded those payments from the regular rate for overtime purposes. See Exhibit C, attached hereto, Plaintiff Flaviano Maldonado's pay stub for the week ending February 12, 2008 in which Defendants excluded his production bonus as well as the 'Maintenance' pay received from his regular rate of pay for overtime purposes. Plaintiff Maldonado was then paid overtime at the incorrect overtime rate of $13.7250 per hour.

15.     The method of calculating overtime compensation described in paragraphs 12 and 13, above, violates the IMWL and FLSA. The IMWL, 820 ILCS 115/4a (and the Fair Labor Standards Act, 29 U.S.C. §207(a)(1)), requires an employer to pay its nonexempt employees one and one-half times their "regular rate" for all time worked over forty (40) hours in a workweek.[1] According to 29 C.F.R. §778.109, an employee's regular rate of pay "is determined by dividing [the employee's] total

[1] The Illinois law parallels the Federal law. Section 210.120 of the Illinois Administrative Code (Code) states that for guidance in interpreting Illinois law, Federal regulations may be used. 56 Ill. Admin. Code 210.100. Section 210.420 of the Code, which describes the regular rate of pay for determination of overtime parallels the Federal regulations. 56 Ill. Admin. Code. Code 210.420 (1985).

4

remuneration for employment [except statutory exclusions] in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."

16. Other employees employed by Defendants are compensated by Defendants in the same manner as Plaintiffs. Like Plaintiffs, they too receive an hourly regular rate of pay, but Defendants similarly exclude production and other bonuses from their regular hourly rate of pay for overtime purposes. The number of employees compensated by Defendants in this manner exceeds 50 persons over the prior three (3) years.

17. Plaintiffs and the class that they represent were directed by Defendants to work, and did work, in excess of forty (40) hours per week.

18. For each hour worked in excess of forty (40) hours in individual work weeks, Plaintiffs and the class were entitled to be paid one and one half times their regular hourly rate of pay.

19. Plaintiffs and the class were not paid one and one half times their regular hourly rate of pay for each hour worked in excess of forty (40) hours in individual work weeks.

20. Defendants' practice as described above, violate the overtime provisions of the IMWL, 820 ILCS 105/4a.

21. Plaintiffs represent all employees who have not been paid overtime in the prior three years through and including the present, and all persons and employees similarly situated who have not been paid overtime wages under the provisions of the Illinois Minimum Wage Law during the temporality of the class.

5

22.     This Court should certify this lawsuit as a class action and determine the rights of the parties, the individual Plaintiffs' and the class' back pay, and any other damages due, pursuant to 820 ILCS 105/12, with prejudgment interest pursuant to 815 ILCS 205/12.

23.     The Court should also direct Defendants to account for all back wages, penalties and prejudgment interest thereon, due to the Plaintiffs and the class that they represent.

24.     This lawsuit is brought pursuant to 735 ILCS 5/2-801 because the class or subclasses of employees is so numerous that joinder of all members is impracticable. It is further impracticable, at this time, to discover the numerous members of the class similarly situated to Plaintiffs, or to join said members as parties to this lawsuit.

25.     Plaintiffs and the class members are equally affected by the alleged maximum hour violations of Defendants and their failure to pay overtime wages; and the relief sought is for the benefit of the individual Plaintiffs and the class that Plaintiffs Hernandez and Duran represent.

26.     The issues involved in this lawsuit present common questions of law and fact; and, these common questions of law and fact predominate over the variations which may exist between members of the class and subclasses, if any. The individual Plaintiffs and the class of employees and Defendants have a commonality of interest in the subject matter and remedy sought, to with, back pay plus penalties, interest, attorneys' fees and the cost of this lawsuit. Plaintiffs Hernandez and Duran believe and assert that they are able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each of the class of employees injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the class and to the Court, as well as to Defendants.

27.     A class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

28.     The books and records of Defendants are material to Plaintiffs' case as they disclose the hours worked by each employee and what each employee was paid for that work.

29.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs and members of the class at one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) hours per week.

30.     Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants, as follows:

A.      A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B.      Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.*; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act -- Overtime Wages
### (Individual Action)

31.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 30 of this Complaint.

7

32.      This count arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for their failure to pay overtime wages to Plaintiffs at a rate of one and one half times their regular hourly rate of pay.

33.      Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

34.      Defendants' failure and refusal to pay Plaintiffs overtime wages at a rate of one and half times their regular hourly rate of pay for all hours worked in excess of forty (40) in individual work weeks violated § 207 of the FLSA.

35.      Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs overtime wages for all time they worked in excess of forty (40) hours per week

36.      Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure and refusal to pay overtime wages at the correct rate of pay for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.      A judgment in the amount of one and one-half times Plaintiffs' regular rate of pay for all time Plaintiffs worked in excess of forty (40) hours per week;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorneys' fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

8

Dated: March 26, 2008

Respectfully submitted,

DOUGLAS M. WERMAN
MAUREEN A. BANTZ
Werman Law Office, P.C. (#42031)
77 W. Washington, Suite 1402
Chicago, Il 60602
(312) 419-1008

Attorneys for Plaintiffs

9

# EXHIBIT A

Jesus Hernandez

# GATTO INDUSTRIAL PLATERS, INC.

**Earnings Statement**

| Emp Id | | 2031 | | Fed Taxable Income | | | | Check Date | June 22, 2007 | Check Number | 89186 |
| Location | | 03 | | Fed Filing Status | | 447.93 | | Period Beginning | June 13, 2007 | Net Pay | 351.83 |
| | | | | State Filing Status | | S-1 | | Period Ending | June 19, 2007 | Check Amount | 351.83 |
| | | | | | | R-1 | | | | | |

| Earning | Rate | Hours | Amount | YTD Amt | Tax/Deduction | Amount | YTD Amt | Direct Deposit | Type | Transit | Account | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bonus | | | 209.41 | 5,597.21 | FITW | 42.55 | 1,123.91 | No Direct Deposits | | | | |
| Holiday | | | | 342.00 | IL | 12.28 | 322.86 | | | | | |
| Overtime | 9.7500 | 4.00 | 39.00 | 965.25 | MED | 6.50 | 170.56 | | | | | |
| Overtime #2 | | | 9.52 | 230.02 | SS | 27.77 | 729.28 | | | | | |
| Regular | 4.7500 | 40.00 | 190.00 | 4,188.94 | | | | | | | | |
| Vacation | | | | 439.20 | Dental Ins | 2.00 | 50.00 | | | | | |
| | | | | | Medical In | 5.00 | 125.00 | | | | | |

| Benefit | Amount | YTD Amt | Accrual | Hours | Dollars |
|---|---|---|---|---|---|
| No Benefits | | | No Accruals | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Gross Earnings | 44.00 | 447.93 | 11,762.62 | Totals | 96.10 | 2,521.61 |
| Taxable Earnings: | | 447.93 | | | | |

**IMPORTANT - PLEASE READ**
BOOST YOUR INCOME THROUGH THE EITC! Call 311 for information.
Eleva tus ingresos atravéz de (EITC) llamando al 311 linea regular

# EXHIBIT B

**Adolfo Duran**

# GATTO INDUSTRIAL PLATERS. INC.

**Earnings Statement**

| Emp Id | 3055 | Fed Taxable Income | 543.47 | Check Date | January 18, 2008 | Check Number | 92161 |
| Location | 65 | Fed Filing Status | M-6 | Period Beginning | January 9, 2008 | Net Pay | 485.51 |
| | | State Filing Status | M-6 | Period Ending | January 15, 2008 | Check Amount | 485.51 |

| Earning | Rate | Hours | Amount | YTD Amt | | Tax/Deduction | Amount | YTD Amt | | Direct Deposit | Type | Transit | Account | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bonus | | | 252.68 | 532.97 | | FITW | | 31.71 | | No Direct Deposits | | | | |
| Holiday | | | | 173.76 | | IL | 9.38 | 38.79 | | | | | | |
| Overtime | 11.2500 | 6.50 | 73.13 | 106.88 | | MED | 7.88 | 32.13 | | | | | | |
| Overtime # | | | 17.66 | 22.21 | | SS | 33.70 | 137.38 | | | | | | |
| Regular | 5.0000 | 40.00 | 200.00 | 511.25 | | | | | | | | | | |
| Vacation | | | | 868.80 | | Dental Ins | 2.00 | 6.00 | | | | | | |
| | | | | | | Medical In | 5.00 | 15.00 | | | | | | |

| Benefit | Amount | YTD Amt | | Accrual | Hours | Dollars |
|---|---|---|---|---|---|---|
| No Benefits | | | | No Accruals | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Gross Earnings | 46.50 | 543.47 | 2,215.87 | | Totals | 57.96 | 261.01 |
| Taxable Earnings: | | 543.47 | | | | | |

**IMPORTANT: PLEASE READ**

BOOST YOUR INCOME THROUGH THE EITC! Call 311 for information.

Eleva tus ingresos através de (EITC) llamando al 311 línea regular

# EXHIBIT C

# ATTO INDUSTRIAL PLATERS, I.    Earnings Statement

| Emp Id | 5904 | Fed Taxable income | 788.72 | Check Date | February 15, 2008 | Check Number | 92607 |
| Location | 05 | Fed Filing Status | M-0 | Period Beginning | February 6, 2008 | Net Pay | 560.35 |
| | | State Filing Status | M-0 | Period Ending | February 12, 2008 | Check Amount | 560.35 |

| Earning | Rate | Hours | Amount | YTD Amt | Tax/Deduction | Amount | YTD Amt | Direct Deposit | Type | Transit | Account | Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bonus | | | 243.59 | 1,601.46 | FITW | 80.28 | 494.32 | No Direct Deposits | | | | |
| Holiday | | | | 247.52 | IL | 23.66 | 147.96 | | | | | |
| Maintenanc | | | 105.16 | 359.00 | MED | 12.70 | 79.46 | | | | | |
| Overtime | 13.7250 | 10.00 | 137.25 | 919.58 | SS | 54.33 | 339.77 | | | | | |
| Overtime # | | | 24.36 | 176.24 | | | | | | | | |
| Regular | 9.1500 | 40.00 | 366.00 | 1,976.40 | 401k | 87.64 | 548.02 | | | | | |
| | | | | | Dental Ins | 2.00 | 14.00 | | | | | |
| | | | | | Loans | 50.49 | 352.80 | Benefit | Amount | YTD Amt | Accrual | Hours | Dollars |
| | | | | | Medical In | 5.00 | 35.00 | 401ER | 13.15 | 82.21 | No Accruals | | |

IMPORTANT: PLEASE READ
BOOST YOUR INCOME THROUGH THE EITC! Call
311 for information.
Eleva tus ingresos atravez de (EITC) llamando al 311 linea
regular

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Gross Earnings | | 50.00 | 876.36 | 5,480.20 | Totals | 316.01 | 2,011.33 |
| Taxable Earnings: | | | 788.72 | | | | |



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

JESUS HERNANDEZ, ADOLFO DURAN )
on behalf of themselves and all other persons )
similarly situated known and unknown, and )
ANGEL GARCIA, FLAVIANO MALDONADO, )
APOLNAR ROMAN, and ANDRES ALVAREZ )
)
Plaintiffs, )
)
v. )
)
GATTO INDUSTRIAL PLATERS, INC. and )
GEORGE GATTO, )
)
Defendants. )
)

Case No. 08 CH 11468

08CV2622   PH
JUDGE COAR
MAGISTRATE JUDGE BROWN

## DEFENDANTS ANSWER AND DEFENSES

Defendants Gatto Industrial Platers, Inc. and George Gatto, by and through their attorneys, Wessels, Pautsch & Sherman P.C., by and through their attorneys Walter J. Liszka and Sean F. Darke, for their Answer and Defenses to Plaintiffs' Complaint, state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1.     This lawsuit arises under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), for Defendants' failure to pay Plaintiffs and other similarly situated persons overtime pay at the correct rate of compensation. Plaintiffs are currently employed by Defendants as laborers. In compensating Plaintiffs and other employees, Defendants exclude from employees' regular rate of pay for overtime purposes weekly production bonuses and other payments resulting in



1

employees being paid overtime pay at an incorrect and illegally low premium rate of pay. Defendants' unlawful practices are continuing to this day.

    **ANSWER:**    Defendants admit that Plaintiffs purport to bring a cause of action under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA").   Further, Defendants admit that the Plaintiffs are currently employed as laborers, but deny that it compensated Plaintiffs and similarly situated employees for overtime wages at a low illegally premium rate of pay. Defendants also deny that its continuing practice is illegal.

    2.    Plaintiffs currently reside in and are domiciled in Cook County, Illinois. At all material times hereto, Plaintiffs were employed by Defendants within this judicial district.

    **ANSWER**:    Defendants admit.

    3.    Defendants' principal place of business is in this judicial district.

    **ANSWER:**    Defendants admit.

    4.    Plaintiffs are currently employed by Defendants.

    **ANSWER:**    Defendants admit.

    5.    Plaintiffs are employed by Defendants as "employee(s)" and are not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/1 *et seq.,* or the FLSA, 29 U.S.C. §207.

    **ANSWER:**    Defendants admit.

6.      Defendants are Plaintiffs' "employer(s)" as that term is defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and the FLSA, 29 U.S.C. §203(d).

**ANSWER:**    Defendants admit.


7.      Defendant, Gatto Industrial Platers, Inc., is an Illinois corporation and is an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A).

**ANSWER:**    Defendants admit.


8.      Defendants' employees are engaged in interstate commerce and Defendants' annual gross volume of sales made or business done exceeds $500,000 exclusive of excise taxes.

**ANSWER:**    Defendants admit.


9.      Defendant Gatto is involved in the day to day business operation of Defendant GIP. Defendant Gatto has authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

**ANSWER:**    Defendants admit.

## COUNT I
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Class Action)

10.    Plaintiffs repeat and allege paragraphs 1 through 9 as if fully set forth herein.

**ANSWER:**    Defendants restate its answers to the allegations in paragraphs 1 through 9.


11.    This count arises from Defendants' violation of the Illinois Minimum Wage Law, 820 ILCS 101/1, *et seq.,* for their failure to pay Plaintiffs and the class that they represent their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks at the correct rate of pay.

> **ANSWER:**    Defendants admit that Plaintiffs purport to bring a cause of action regarding violations in accordance with the Illinois Minimum Wage Law, 820 ILCS 101/1, *et seq.* for Defendants' alleged failure to pay Plaintiffs and the class they represent their earned overtime pay for time worked in excess of forty (40) hours in individual workweeks at the correct rate of pay.


12.    Plaintiffs and the class they represent are current and former employees of Defendants who were paid overtime pay based on an incorrect and illegally low regular rate pay in violation of the maximum hour provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.,* The class period is from at least February, 2005, to the present.  Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

> **ANSWER:**    Defendants object to Plaintiffs' paragraph 12 as it states a conclusion of law regarding employees being paid overtime pay based on an incorrect and illegally low regular rate pay in violation of the maximum hour provision of the IMWL. Further,

Defendants deny that the class period is from February 2005, but admits that Plaintiffs purport to bring this action in accordance with 820 ILCS 105/12(a).

13.    Since at least February, 2005, Plaintiff and other similarly situated employees were paid an hourly regular rate of pay, usually and amount that equated to less than the then applicable minimum wage.  See Exhibit A, attached hereto.  Such employees were also paid weekly production bonuses.  Exhibit A.  In calculating Plaintiffs' and other similarly situated employees' regular hourly rates of pay for overtime purposes, however, Defendants did not aggregate the total amount of wages earned each week (i.e., the total earned based on the hourly rate of pay multiplied by hours worked, plus the production bonus).  Instead, Defendants excluded from Plaintiffs' overtime rates of pay the paid production and other bonuses.  Exhibit A.  Overtime compensation was then paid based on one and one half time times the applicable minimum wage.  See, for example, Plaintiff Jesus Hernandez's pay stub for the week ending June 19, 2007, which excludes $209.41 and $9.52 in production bonuses from his regular rate of pay for overtime purposes and incorrectly calculates his overtime rate of pay at $9.75 per hour, or one and one half  times the (then applicable) minimum wage of $6.50.  Exhibit A.  See also Exhibit B, attached hereto, Plaintiff Adolfo Duran's pay-stub for the week ending January 15, 2008, which excludes $252.68 and $17.66 in production bonuses from his regular rate of pay for overtime purposes and incorrectly calculates his overtime rate of pay at $11.25 per hour, or one and one half times the minimum wage of $7.50.

**ANSWER:**    Defendants deny any and all allegations that employees were paid less then the minimum wage.  Defendants further admit that the exhibits attached to the

complaint are indeed pay stubs for the listed employees that reflect payment of an hourly wage, production bonuses, and overtime pay.

14.    Defendants also excluded other payments made to Plaintiffs and the class from the regular rate of pay for overtime purposes. For example, Defendants disguised wages paid for work performed on Saturday as 'Maintenance' pay and excluded those payments from the regular rate for overtime purposes. See Exhibit C, attached hereto, Plaintiff Flaviano Maldonado's pay stub for the week ending February 12, 2008 in which Defendants excluded his production bonus as well as the 'Maintenance' pay received from his regular rate of pay for overtime purposes. Plaintiff Maldonado was then paid overtime at the incorrect overtime rate of $13.72 per hour.

**ANSWER:** Defendants deny that they disguised any wage payment to its employees, but admit that it has employees who work on Saturdays and also admit that exhibit C is a pay stub for one of their employees. Defendant further objects to paragraph 14 as seeking a conclusion of law regarding Maldonado being paid overtime at the incorrect overtime rate.

15.    The method of calculating overtime compensation described in paragraphs 12 and 13, above, violates the IMWL and FLSA. The IMWL, 820 ILCS 115/4a (and the Fair Labor Standards Act, 29 U.S.C. §207(a)(1)), requires an employer to pay its nonexempt employees one and one-half times their "regular rate" for all time worked over forty (40) hours in a workweek. According to 29 C.F.R. §778.109, an employee's regular rate of pay "is determined by dividing [the employee's] total remuneration for employment [except statutory exclusions] in any

workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."

**ANSWER:**   Defendants object to paragraph 15 as seeking a conclusion of law, but further admits that the statutes copied in paragraph 15 are definitions from the Fair Labor Standards Act and the Code of Federal Regulations.

16.     Other employees employed by Defendants are compensated by Defendants in the same manner as Plaintiffs.  Like Plaintiffs, they too receive an hourly rate of pay, but Defendants similarly exclude production and other bonuses from their regular hourly rate of pay for overtime purposes.  The number of employees compensated by Defendants in this manner exceeds 50 persons over the prior three (3) years.

**ANSWER:**   Defendants admit that it has employed more than 50 individuals over the prior three (3) years and other employees are paid the same way.

17.     Plaintiffs and the class that they represent were directed by Defendants to work, and did work, in excess of forty (40) hours per week.

**ANSWER:**   Defendants admit that it directs employees to work over forty (40) hours in a workweek.

18.     For each hour worked in excess of forty (40) hours in individual work weeks, Plaintiffs and the class were entitled to be paid one and one half times their regular hourly rate of pay.

**ANSWER:**    Defendants admit that hours worked in excess of 40 hours need to be paid at one and one half times their hourly pay rate, and further admits that it paid their employees time and a half for hours worked over forty (40).

19.    Plaintiffs and the class were not paid one and one half times their regular hourly rate of pay for each hour worked in excess of forty (40) hours in individual work weeks.

**ANSWER:**    Defendants object to paragraph 19 as seeking a conclusion of law, and denies Plaintiffs allegations that it did not pay its employees time and a half for overtime hours in excess of forty (40).

20.    Defendants' practice as described above, violate the overtime provisions of the IMWL, 820 ILCS 105/4a.

**ANSWER:**    Defendants deny the allegations in paragraph 20, and further states that it seeks a conclusion of law.

21.    Plaintiffs represent all employees who have not been paid overtime in the prior three years through and including the present, and all persons and employees similarly situated who have not been paid overtime wages under the provisions of the Illinois Minimum Wage Law during the temporality of the class.

**ANSWER:**    Defendants deny.

22.    This Court should certify this lawsuit as a class action and determine the rights of the parties, the individual Plaintiffs' and the class' back pay, and any other damages due, pursuant to 820 ILCS 105/12, with prejudgment interest pursuant to 815 ILCS 205/12.

**ANSWER:**    Defendants deny.

23.    The Court should also direct Defendants to account for all back wages, penalties and prejudgment interest thereon, due to the Plaintiffs and the class that they represent.

**ANSWER:**    Defendants deny.

24.    This lawsuit is brought pursuant to 735 ILCS 5/2-801 because the class or subclasses of employees is so numerous that joinder of all members is impracticable. It is further impracticable at this time, to discover the numerous members of the class similarly situated to Plaintiffs, or to join said members as parties to this lawsuit.

**ANSWER:**    Defendants admit that Plaintiffs purport to bring this lawsuit as a class action, but Defendants lack sufficient information or knowledge regarding the numerosity of the potential class and requires strict proof thereof.

25.    Plaintiffs and the class members are equally affected by the alleged maximum hour violations of Defendants and their failure to pay overtime wages; and the relief sought is for the benefit of the individual Plaintiffs and the class that Plaintiffs Hernandez and Duran represent.

**ANSWER:**    Defendants lack sufficient information or knowledge regarding the allegation in paragraph 25. Defendants further admit that Plaintiffs allege violation on

behalf of all employees who worked for Defendants, but lacks sufficient information or knowledge regarding the named Plaintiffs are the appropriate representative of the alleged class. Defendants objects to the remaining allegations as seeking a conclusion of law.

26.     The issues involved in this lawsuit present common questions of law and fact; and, these commons questions of law and fact predominate over the variations which may exist between members of the class and subclasses, if any.  The individual Plaintiffs and the class of employees and Defendants have a commonality of interest in the subject matter and remedy sought, to with back pay plus penalties, interest, attorneys' fees and the cost of this lawsuit. Plaintiffs Hernandez and Duran believe and assert that they are able to fairly and adequately represent and protect the interests of the class.  If individual actions were required to be brought by each of the class of employees injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the class and to the Court, as well as to Defendants.

**ANSWER:**    Defendants object to paragraph 26 as seeking a conclusion of law and further denies the recitation in paragraph 26 of Plaintiffs' complaint.

27.     A class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

**ANSWER:**    Defendants deny.

28.     The books and records of Defendants are material to Plaintiffs' case as they disclose the hours worked by each employee and what each employee was paid for that work.

**ANSWER:**    Defendants admit.

29.    Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs and members of the class at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

**ANSWER:**    Defendants deny that it failed to compensate employees at a one and one half times for hours worked over forty (40).

30.    Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

**ANSWER:**    Defendants admit that in accordance with 820 ILCS 105/12(a) parties would be entitled to recover certain damages.

## COUNT II
### Violations of the Fair Labor Standards Act – Overtime Wages
### (Individual Action)

31.    Plaintiffs hereby reallege and incorporate paragraphs 1 through 30 of this Complaint.

**ANSWER:**    Defendants reallege and re-incorporate its answers to paragraph 1 though 30.

32.    This count arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages to Plaintiffs at a rate of one and one half times their regular hourly rate of pay.

**ANSWER:**    Defendants admit that Plaintiffs purport to bring an action in accordance with Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, for alleged failure to pay overtime wages, but deny they have willfully violated the Act for failure to pay overtime wages as alleged in paragraph 32.

33.    Plaintiff were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

**ANSWER:**    Defendants admit that it directs employees to perform work over forty (40) hours in a workweek.

34.    Defendants' failure and refusal to pay Plaintiffs overtime wages at a rate of one and one half times their regular hourly rate of pay for all hours worked in excess of forty (40) in individual work weeks violated §207 of the FLSA.

**ANSWER:**    Defendant deny that it failed to compensate employees at a one and one half times for hours worked over forty (40).

35.    Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs overtime wages for all time they worked in excess of forty (40) hours per week.

**ANSWER:**    Defendants deny.

36.     Plaintiffs are entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure and refusal to pay overtime wages at the correct rate of pay for time worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §207.

**ANSWER:**    Defendants deny.

## DEFENSES

1.     As and for its First Defense, Defendants state that Plaintiffs fail to state a claim upon which relief may be granted.

2.     As and for its Second Defense, Defendants assert that any and all decisions made regarding Plaintiffs' compensation, were predicated solely upon legitimate business reasons or otherwise for good cause and in any event were not willful.

3.     As and for its Third Defense, Defendants assert that Plaintiffs' state law claims should not be certified as a class in accordance with Fed. R. Civ. P. 23.

4.     As and for its Fourth Defense, Defendants assert that all times they have acted reasonable, in good faith with regard to paying the Plaintiffs their wages.

5.     As and for its Fifth Defense, Defendants assert that Plaintiffs' claims are barred, at least in part, by the doctrine of laches.

6.     As and for its Sixth Defense, Defendants assert that Plaintiffs' claims are barred under the doctrine of unclean hands.

7.     As and for its Seventh Defense, Defendants assert that Plaintiffs have sought an inappropriate class.

8.    As and for its Eighth Defense, Defendants assert that Plaintiffs have failed to make any monetary demand for any money specified in their claims.

9.    As and for its Ninth Defense, Defendants assert that Plaintiffs have failed to consent to be a Plaintiffs in this lawsuit in accordance with the Fair Labor Standards Act.

10.    As and for its Tenth Defense, Defendants assert that Plaintiffs cannot bring a class action lawsuit in accordance with the Illinois Minimum Wage Law, as well as, a claim under the Fair Labor Standards Act because such action causing confusion relating to Plaintiffs opting in and opting out of the lawsuit.

11.    As for its Eleventh Defense, Defendants assert that any and all methods used to compensate its employees were in accordance with directives by either the United States Department of Labor or the Illinois Department of Labor.

12.    As for its Twelfth Defense, Defendants assert the doctrine of estoppel for any and all alleged violations, since any method used was directed by either the United States Department of Labor or the Illinois Department of Labor.

13.    As for its Thirteenth Defense, Defendants assert that any and all payments on Saturdays and Sundays were at a premium rate of pay and off sets any and all alleged overtime wages owed to Plaintiffs.

    Dated this 6th day of May 2008.

                    Respectfully submitted,

                    GATTO INDUSTRIAL PLATERS, INC.
                    and GEORGE GATTO


        By:_____
                    Sean F. Darke

Walter J. Liszka
Sean F. Darke
Wessels & Pautsch, P.C.
33 W. Monroe Street, Suite 1120
Chicago, Illinois 60603
(312) 629-9300 (Telephone)
(312) 629-9300 (Facsimile)
Firm I.D. 28128

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 6th day of May 2008, he served a true and correct copy of **Defendants' Answer to Complaint** upon the following individual(s) via United States Mail, First Class Postage Prepaid, addressed as follows:

> Douglas Werman
> Werman Law Office, P.C.
> 77 W. Washington Street, Suite 1402
> Chicago, Illinois 60602

_____
Sean F. Darke