## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JESUS HERNANDEZ, ADOLFO DURAN, on behalf of themselves and all other persons similarly situated known and unknown, and ANGEL GARCIA, FLAVIANO MALDONADO, APOLNAR ROMAN, and ANDRES ALVAREZ,<br><br>Plaintiffs,<br><br>v.<br><br>GATTO INDUSTRIAL PLATERS, INC., and GEORGE GATTO,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No.  08 CV 2622<br>)<br>)  Judge David H. Coar<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jesus Hernandez, Adolfo Duran, Angel Garcia, Flaviano Maldonado, Apolnar Roman, and Andres Alvarez ("Plaintiffs") bring this cause of action against Defendants Gatto Industrial Platers, Inc. ("GIP"), and George Gatto (collectively, "Defendants"), alleging violations the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*  Plaintiffs now move for class certification on only their IMWL claim pursuant to Fed. R. Civ. P. 23.  For the reasons stated below, Plaintiffs' motion for class certification is GRANTED.

## FACTUAL BACKGROUND

According to Plaintiffs, Defendant GIP is an Illinois corporation and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA, 29 U.S.C. § 203(r)(1).  Compl. at ¶ 7.  Defendant Gatto is involved in the day to day business

1

operation of GIP, has authority to hire and fire employees, authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, and the authority to make decisions regarding employee compensation and capital expenditures.  *Id.* at ¶ 9.  Defendants are "employer[s]" as that term is defined in IMWL, 820 ILCS 105/3(c), and FLSA, 29 US.C. § 203(d).  Compl. at ¶ 6.  Plaintiffs are employed by Defendants as "employee[s]" and are not exempt from the overtime wage provisions of IMWL.  *Id.* at ¶ 5.

Plaintiffs allege that Defendants used a compensation scheme for its employees that violated both IMWL and FLSA.  IMWL[1] and FLSA requires an employer to pay its nonexempt employees one and one-half times their "regular rate" for all time worked over forty hours in a workweek.  820 ILCS 115/4a; 29 U.S.C. § 207(a)(1).  An employee's regular rate of pay is determined by dividing the weekly compensation by hours worked.  29 CFR § 778.109.  Defendants' compensation scheme designated certain portions of an employee's wages as a "bonus" or "maintenance," and did not include this "bonus" or "maintenance" in calculation of the hourly rate of pay, thus artificially depressing the hourly rate of pay for purposes of determining overtime wages.  Compl. at ¶ 3.

Plaintiffs now seek to certify as a class

all hourly employees who have been employed by Defendants since May 7, 2005, through and including the present, who have worked more than forty (40)  hours in individual work weeks, and who received "bonus" or "maintenance" pay as a component of their earned wages in at least one work week during the applicable time period.

Pls.' Mot. for Class Cert. 6.  Plaintiffs' motion attempts to certify as a class only the IMWL cause of action.  Defendants oppose class certification.

---

[1] IMWL parallels FLSA, and thus the same analysis for violations of FLSA applies to violations of IMWL.  56 Ill. Admin. Code 210.100, 210.120, 210.420; *Haynes v. Tru-Green Corp.*, 154 Ill. App. 3d 367 (Ill. App. 4th Dist. 1987).

**STANDARD**

Rule 23 of the Federal Rules of Civil Procedure sets forth the relevant standards for maintaining class action suits in federal court.  Under Rule 23(a), a proposed class must satisfy four conditions before a court will grant certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.  Fed. R. Civ. P. 23(a).  In addition, the Plaintiff must satisfy Rule 23(b), which offers only three potential bases for a valid class action.  *See* Fed.R.Civ.P. 23(b).  Plaintiffs seek certification under Rule 23(b)(3), which authorizes class actions where the "questions of law or fact common to the members of the class predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  The burden of proof on a motion for class certification rests with Plaintiffs.  *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 162, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

Defendants' briefs do not dispute Plaintiffs' facts, which are supported by the affidavits attached to Plaintiffs' briefs, and raise no challenge as to Fed. R. Civ. P. 23(a)(2)-(4) and 23(b)(3).  Instead, Defendants focus on two arguments: (1) that the numerosity prong of Rule 23(a) is not satisfied, and (2) that state law class actions cannot be certified under Rule 23 because of the collective action procedures in FLSA.

**ANALYSIS**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  Plaintiffs allege that Defendants employ "more than 100" employees who were subjected to the compensation scheme, and expect the class to include more than 100 people.  Pls.' Mot. for Class Cert. 7, Exh. 10 (list purportedly showing more than 100 employees subject

to compensation scheme).  Defendants have admitted that they have employed more than fifty

individuals over the prior three years.  Answer 7.  Although there is no "magic number" of class

members for numerosity purposes, case law indicates that when a class numbers at least 40,

joinder will be considered impracticable.  *Swanson v. Am. Consumer Indus.*, 415 F.2d 1326,

1333 (7th Cir. 1969);  *Ringswald v. County of DuPage*, 196 F.R.D. 509, 512 (N.D. Ill. 2000).

Thus, Defendants' arguments about the practicability of joinder based on the geographic

proximity of the potential class members are inapposite.  The class is sufficiently numerous and

joinder would be impracticable.

Defendants also argue that joinder is practicable because the "Illinois General Assembly

wanted the IMWL to be guided by the FLSA[,] and Congress intended for these matters to be

collective actions—not class actions."  Defs.'s Resp. to Pls.'s Mot. 5.  This argument is not

strictly one regarding the practicability of joinder, but rather, an argument about *preemption*.

Defendants' reasoning, apparently, is premised on the fact that FLSA does not permit

conventional Rule 23 class actions.  In a standard Rule 23 class action, individuals are

considered class members until they request exclusion from the litigation.  Fed. R. Civ. P.

23(c)(2)(B)(v).  Instead, FLSA requires individuals to file express opt-ins with the court to

become a party in a collective action relating to unpaid overtime compensation.  29 U.S.C. §

216(b).  IMWL lacks such opt-in provisions, and class certification of claims under IMWL are

governed by 735 ILCS 5/2-801, which follows the conventional class action treatment of Rule

23.  *Cruz v. Unilock Chicago*, 383 Ill.App.3d 752, 761, 892 N.E.2d 78, 89, 322 Ill.Dec. 831,

842 (Ill. App. 2 Dist. 2008) (noting that Section 2-801 of the Illinois Code of Civil Procedure

governs IMWL class certification and is based on Fed. R. Civ. P. 23); *see also* 735 ILCS 5/2-801

("Any class member seeking to be excluded from a class action may request such exclusion.") (following the opt-out language of Fed. R. Civ. P. 23(c)(2)(B)(v)).

Defendants' argument that FLSA's opt-in requirement preempts certification of IMWL claim relies on *Rodriguez v. The Texan*, No. 01 C 1478, 2001 WL 1829490 (N.D. Ill. Mar. 7, 2001), a similar case in which Judge Shadur expressed "serious reservations"[2] that the plaintiff's IMWL claims could be subjected to conventional class action treatment because FLSA's opt-in policy and "the underlying congressional intent would be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement." *Id.* at *2.

Respectfully disagreeing, this Court sees no conflict in permitting class certification on the state law claim while the FLSA claims advance as individual prayers for relief.  Congress did not expressly preempt state overtime laws nor intend FLSA to occupy the field of wage and hours regulation; in fact, Congress expressly permitted state wage and hour laws that provide more protection to employees than the federal statute.  29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter.").  In Illinois state courts—where this action was originally filed, until Defendants removed it to federal court—IMWL claims are routinely certified as class actions, following the opt-out procedures for class certification under Fed. R. Civ. P. 23.  *See, e.g.*, *Cruz*, 383 Ill.App.3d 752, 761, 892 N.E.2d 78, 89, 322 Ill.Dec. 831, 842 (reversing trial court's denial

---

[2] Judge Shadur did not deny class certification, but merely cautioned that plaintiff and his counsel were "placed on notice that they have an uphill burden in their effort to convert Rodriguez's individual claim into one of broader scope . . . ." *Rodriguez*, 2001 WL 1829490 at *2.  The parties later stipulated to the dismissal of the action.

of class certification on IMWL claim).  The mere fact that Plaintiffs claims mix IMWL and

FLSA causes of action, and the FLSA claims require different certification procedures than the

IMWL claims do, does not raise conflict preemption problems or require the invalidation of the

class certification procedures that govern Illinois law.  If Plaintiffs had moved to certify both the

IMWL claim as a class action and FLSA claim as a collective action, presumably both could be

so certified, but the FLSA class would require opt-in participation while the IMWL class would

be a standard Rule 23 opt-out class.  The result would be as Congress intended: only those

individuals who opt into the FLSA claim would be joined in the action, whereas the heightened

employee protections (i.e. lower barrier to entry for class action litigation) of the state wage and

hours law would be available to all except those who request exclusion.  This Court thus follows

*Ladegaard v. Hard Rock Concrete Cutters*, No. 00 C 5755, 2000 WL 1774091 (N.D. Ill. 2000),

where, like here, the court certified a Rule 23 class action for plaintiff's IMWL claim and

plaintiff did not seek certification of a collective action for the FLSA claim.  The *Ladegaard*

court reasoned that the plaintiff could have severed the claims and litigated the IMWL claim as a

class action in state court, but that a hybrid action in federal court was superior to other methods

for resolving the controversy for reasons of judicial economy. *Id.* at *7.  This Court agrees.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for class certification on the IMWL claim is

granted for the following class:

> All hourly employees who have been employed by Defendants since May 7, 2005,
> through and including the present, who have worked more than forty (40)  hours in
> individual work weeks, and who received "bonus" or "maintenance" pay as a component
> of their earned wages in at least one work week during the applicable time period.

Enter:

/s/ David H. Coar

David H. Coar

United States District Judge

**Dated:** April 28, 2009